## SWANINGER v GERSTNER

Ohio Appeals, 2nd Dist, Montgomery Co

No 1034. Decided Feb 17, 1931

Davisson, Davisson & Sheridan, Dayton, for Swaninger.

Shively & Holmes, Dayton, for Gerstner.

KUNKLE, J:

Counsel have favored the Court with very exhaustive briefs in which many authorities are cited and discussed. We shall not attempt to review the authorities so cited, but will merely announce the conclusion at which we have arrived after a consideration of the authorities.

It will be noted that in the case at bar, there has been no eviction, nor even threatened eviction from the premises in question. It will also be observed that there is no averment in the petition to the effect that anyone is asserting or claiming a superior title to the property in question.

In **11 Oh Jur** at page 925, the rule is very succinctly stated as follows:

"It seems well established that no breach of the covenant of warranty occurs by reason of an outstanding title, until there is some hostile assertion thereof to which possession is yielded or which is purchased in. It is not broken until the grantee, his heir or assignee is evicted or disturbed in the enjoyment of the premises by a superior title. Thus, the existence of an outstanding title, which is a cloud upon the grantee's title, but which was never asserted against him and which he never recognized or yielded to, nor was even threatened with an eviction or proceedings of any kind by the holder of such outstanding title, which subsenquently is voluntarily released by the holders thereof upon the request of the grantee, does not constitute a breach of a covenant of warranty. But it is not necessary that the paramount title be established by judgment or decree. What the law requires is that such title be in effect paramount to that under which the grantee or his successor in interest holds, and that there be a yielding to the assertion of such title."

In **24 Oh St 542**, the first paragraph of the syllabus is as follows:

"Where a person owning an estate in lands for the life of another executes a deed with the covenant of seizin purport-

ing to convey the lands in fee simple, and the purchaser is put in possession under the deed, such covenant, in view of its settled construction in this State, is not broken until eviction or its equivalent."

We recently had occasion to pass upon a case somewhat similar to the case at bar and are therefore familiar with the holdings in Ohio upon this general subject. We refer to the case of Millison v Drake in the Court of Appeals of Franklin County, Ohio, and which case is now in the Supreme Court. Its determination by the Supreme Court may be of interest to counsel.

We have considered all the grounds of error urged by counsel for plaintiff in error in their brief and upon such consideration are clearly of opinion that under the Ohio decisions the petition fails to state a cause of action, and the demurrer was therefore properly sustained. Judgment affirmed.

(ALLREAD, PJ, and HORNBECK, J, concur).